# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL NO. 1:08CR23

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | **SEALED** |
| VS. ) | **MEMORANDUM AND** |
| ) | **ORDER OF DISMISSAL** |
| ) | |
| BYRD WARLICK ) | |
| ) | |

**THIS MATTER** came on for further hearing before the Court on June 30, 2008, regarding Defendant's motion for unconditional release from custody and dismissal of his indictment. **Defendant's Motion to Dismiss Indictment and for Unconditional Release, filed May 22, 2008.** The Defendant was present with counsel as was the attorney representing the United States. For the reasons stated herein, Defendant's motion to dismiss is granted and he is entitled to his unconditional release. However, the dismissal is without prejudice to the Government to seek reinstatement of the indictment upon a proper showing.

## I. FACTUAL AND PROCEDURAL HISTORY

The factual and procedural history of this case is set forth in detail in the Court's previous orders and such is incorporated herein by reference. *See, e.g.,* **Sealed Memorandum and Order, filed May 23, 2008, at 1-6.** Other relevant history follows.

The last hearing conducted on May 22, 2008, addressed Defendant's motion for unconditional release and for dismissal of his indictment. **Defendant's Motion to Dismiss,** *supra*. The Government opposed Defendant's release because, to that point, no means other than physical restraint "has succeeded in stopping [Defendant's] continued harassment and potential physical harm to [Agent] Lando." **Government's Position on the Discharge of Defendant pursuant to Title 18 U.S.C. § 4247(h), filed May 22, 2008, at 3.** At the May 22 hearing, the Government conceded "that we do not foresee there ever being a point at which he can recover sufficiently to be tried[.]" **Transcript of Proceedings held May 22, 2008, filed June 9, 2008, at 10**. Defendant's motions were denied without prejudice; however, the Court allowed the Defendant to be released to the Veterans Administration ("VA") Hospital in Asheville, North Carolina, in order to seek treatment for his terminal illness. **Sealed**

**Memorandum and Order,** *supra*, **at 9.** Defendant's release was subject to the following conditions:

1. In the event Defendant is admitted to inpatient treatment at the Asheville VA Medical Center, he shall remain on the premises of the facility unless otherwise ordered by the Court.

2. In the event Defendant is not admitted as an inpatient at the Asheville VA Medical Center – or if admitted, is later discharged – this Court, as well as the United States Probation Office and the Lando family, shall be immediately notified. The Probation Office shall maintain regular contact with the Asheville VA Medical Center in order to stay up to date on Defendant's whereabouts and whether he remains at the facility.

3. As an express condition of his release to the Asheville VA Medical Center, Defendant shall have no contact whatsoever with Agent Christopher Lando or any member of his family. In the event Defendant attempts to contact, follow, or in any way communicate with a member of the Lando family, this Court is to be notified immediately.

4. If Defendant is found to be in violation of any of these conditions, he is to be detained by the United States Marshal Service and brought before the Court with all reasonable speed, in order to determine whether he should be returned to the custody of the Attorney General's office at a facility of its choice.

*Id.* **at 10-11.** The Court scheduled a second hearing for June 30, 2008, to further assess Defendant's medical condition and reconsider Defendant's motions for dismissal of the indictment and for unconditional release.

In the meantime, the Defendant's complete medical records for the period he was hospitalized at the Federal Medical Center in Butner, North Carolina, were provided to the Court in order that a fully informed decision regarding Defendant's mental competency and his potential dangerousness to himself or others could be made.  **Sealed Order, filed May 23, 2008.**  In addition, Defendant's complete medical records from the Asheville VA Medical Center were also ordered and provided to the Court.  **Sealed Order, filed June 25, 2008.**  These records have been received, filed under seal, and examined *in camera* by the Court.

During the hearing on June 30, 2008, the Court received testimony from five witnesses called by Defendant and received exhibits from the Government.  The Court has considered the arguments of counsel, the evidence received, the testimony presented during the May 22, and June 30, 2008, hearings, and the applicable law, and now enters its rulings on Defendant's motions.

## II.  ANALYSIS

Title 18, United States Code, § 4241 governs the "[d]etermination of mental competency to stand trial to undergo postrelease proceedings."

> If, after the [competency] hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility –
>> (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward, and
>>> (2) for an additional reasonable period of time until–
>>>> (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or
>>>> (B) the pending charges against him are disposed of according to law;
>>> whichever is earlier.
>
> If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit proceedings to go forward, the defendant is subject to the provisions of section[ ] 4246[.]

**18 U.S.C. § 4241(d).** Section 4246 provides in pertinent part that

> [i]f the director of a facility in which a person is hospitalized certifies that a person . . . who has been committed to the custody of the Attorney General pursuant to section 4241(d) . . . is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of

> another, and that suitable arrangements for State custody and care of the person are not available, . . .

the Court may, after a hearing, recommit the person to the custody of the Attorney General.  **18 U.S.C. § 4246(a), (d).**

**A.    Defendant's motion for unconditional release**

The Government argues that Defendant's detention should continue pursuant to § 4241(d).  Defendant states he should be released immediately, without conditions, since no certification has been filed consistent with § 4246(a) and cites a Supreme Court case which held that:

> a person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future.  If it is determined that this is not the case, then the State must either institute the customary civil commitment proceeding that would be required to commit indefinitely any other citizen, or release the defendant.

***Jackson v. Indiana*, 406 U.S. 715, 738 (1972).**

Defendant is still within the four-month time period for the evaluation of his future mental capacity described in *Jackson* and § 4241(d).  Defendant's most recent forensic evaluation emphasizes his "terminal cancer and rapid clinical deterioration over the past two weeks [due to

pneumonia]," and opines that his "foreseeable future may be especially brief." The evaluation also states unambiguously that Defendant's ongoing delusional disorder and lack of rationality remain entirely unchanged. **Forensic Evaluation, dated May 7, 2008, filed May 20, 2008, at 6.**

Defendant contends the evidence shows that he does not pose a danger to others and should, therefore, be released unconditionally. It is undisputed that the certification provision of § 4246(a) has not been met. The Risk Assessment Panel at Butner considered the question of Defendant's potential dangerousness and concluded that Defendant's mental disease or defect did not "pose a substantial risk of bodily injury to another person or serious damage to the property of another." *Id*. **at 7-8;** *see also* **Letter from A. F. Beeler, Butner Complex Warden**, *attached to* **Forensic Evaluation of May 7, 2008 (summarizing findings of Forensic Evaluation and concluding same).**

Testimony presented during the June 30, 2008, hearing supports the Panel's conclusion. Defendant resumed taking the psychotropic medication, Risperdal, in early June for treatment of his delusional disorder and has been living in the Community Living Center ("CLC") at the VA since late May or early June 2008. Testimony tends to show that

Defendant has been polite, calm, and behaving appropriately with staff and others living in the CLC. Dr. Marianne Curl, Chief of Geriatrics and Interim Chief of Staff at the VA, testified that initially there was concern over Defendant being admitted to the CLC because of his outstanding federal charges. However, Dr. Curl's review of Defendant's history since admission shows that he has behaved at all times appropriately with staff and patients with which he has daily interaction. Further, during his evaluation at Butner, Defendant "agreed to desist from further contact with anyone who he believes to be involved in the embezzlement of his money," and stated that, "I just want to live out the rest of my days in peace. I know I don't have much time left with this cancer growing in my body." **Forensic Evaluation,** *supra*, **at 7.**

The evidence before the Court supports the conclusion of the Risk Assessment Panel that Defendant does not represent a substantial risk of bodily injury to others. Accordingly, Defendant's motion for release must be granted.

**B.     Defendant's motion to dismiss**

Defendant moves to dismiss the indictment contending he is not competent to proceed to trial and cannot be restored to competence within a reasonable period of time.  The forensic evaluation noted Defendant "believes the public defender assigned to him was working against him and that she was supporting the FBI in an effort to have him convicted and die in prison," and further found Defendant did not "rationally understand his charges." ***Id*. at 3-4, 6**. The evaluation concluded:

> Mr. Warlick remains not competent to stand trial and his competence to stand trial is unlikely to be restored in the foreseeable future.  In this case of terminal cancer and rapid clinical deterioration over the past two weeks this foreseeable future may be especially brief.  Any heroic attempt at restoring Mr. Warlick's competence to stand trial would likely take a period of time which would be longer than his predicted survival with his terminal lung cancer and complicating pneumonia.

***Id.* at 5-6.**  Defendant's ongoing battle with cancer and the latest information from the VA Hospital concerning possible small cell cancer in his lungs further complicates his ability to face the charges against him. Defendant has demonstrated an inability to assist his attorney in his own defense and continues to harbor unshakeable notions that his attorney and the Magistrate Judge are conspiring against him. ***Id.* at 3-4.**  The medical records are replete with evidence that supports the forensic evaluation's

conclusion that Defendant's delusional disorders are ongoing and likely to continue well into the future.

The Court finds that, after careful review of the forensic evaluation and additional medical evidence of record, the Defendant is not competent to stand trial nor will he be likely to regain competency to stand trial for the foreseeable future. *See United States v. Crump*, **120 F.3d 462, 467 (4th Cir. 1997) ("test for competency to stand trial is whether the defendant 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him.'") (quoting** *Dusky v. United States*, **362 U.S. 402, 402-03 (1960)).**

Accordingly, the Court will dismiss the indictment against Defendant without prejudice, which provides the Government with the opportunity to seek reinstatement of the indictment if it can be shown that Defendant has regained competency or has indicated by a criminal act or acts directed toward Special Agent Lando or any member of his family that reinstatement of the indictment would be proper with another competency evaluation to follow.

The Court further cautions Defendant that any future actions on his part resembling the allegations charged in the indictment will likely begin this entire criminal process anew.

## III. ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's motion to dismiss is **GRANTED,** and the indictment herein is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant's motion for unconditional release is **GRANTED**, and it is **ORDERED** that the Defendant be released immediately from custody without further conditions except that he is **ORDERED** to have no contact with Special Agent Lando or any member of his family.

Signed: July 9, 2008

Lacy H. Thornburg
United States District Judge

SEALED DOCUMENT with access to All Parties/Defendants